IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | Crim. Case No. SAG-17-0323/ |
| | | Civil Case No. SAG-20-1951 |
| | * | |
| **HARRISON LEWIS, III** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Currently pending is a 28 U.S.C. § 2255 motion to vacate filed by defendant Harrison Lewis, III. Lewis, who is self-represented, sets forth sixty-six reasons why he believes his conviction and sentence should be vacated. ECF 218, 219, 230. Having recently had this case transferred to its docket, this Court has reviewed Lewis's motion and supplements, and the Government's opposition, ECF 222, and has determined that no hearing is necessary.[1] *See* Loc. R. 105.6 (D. Md. 2021); *see also* 28 U.S.C. § 2255(b) (noting that a hearing is not required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). For the reasons that follow, Lewis's § 2255 motion will be denied.

I.   **FACTUAL BACKGROUND**

A grand jury returned an indictment against Lewis on June 14, 2017, charging him with multiple counts of bank robbery in violation of 18 U.S.C. § 2113. ECF 1. Although he initially had

---

[1] Lewis has filed myriad other motions, some of which have been pending for some time, but which require less substantive analysis in their disposition. These pending motions are addressed in the Order accompanying this Memorandum Opinion.

two different court-appointed attorneys, on February 8, 2018, United States District Judge Marvin J. Garbis granted Lewis's motion to represent himself *pro se*, with a court-appointed attorney serving as standby counsel. ECF 70. Lewis thereafter represented himself at several motions hearings and at trial. The government superseded the indictment on April 4, 2018, to add additional bank robbery counts. ECF 111. A five-day jury trial began on May 14, 2018, and the jury returned verdicts of guilty as to seven counts of bank robbery. ECF 158. At sentencing on September 14, 2018, United States District Judge George J. Hazel imposed sentences of 132 months of incarceration on each of the seven counts, to run concurrent with one another. ECF 185. Lewis appealed his conviction to the United States Court of Appeals for the Fourth Circuit, where he was represented by court-appointed appellate counsel. ECF 187, 191. On September 11, 2019, the appellate court affirmed Lewis's conviction. ECF 208. On July 1, 2020, Lewis timely filed the instant petition seeking post-conviction relief. ECF 218.

## II.   APPLICABLE LEGAL STANDARDS

Only certain types of arguments are cognizable on a §2255 motion to vacate. For example, a § 2255 motion cannot be used to re-argue or relitigate motions properly considered on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013); *Boeckenhaupt v. United States*, 37 F.2d 1182, 1183 (4th Cir. 1976). And if a defendant fails to raise a particular issue on direct appeal, he is procedurally barred from later raising that issue in a collateral § 2255 proceeding. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The only exception to that procedural bar is where a defendant can meet the high bar of demonstrating "cause and actual prejudice" or "actual innocence." *See Murray v. Carrier*, 477 U.S. 478, 485-86 (1986); *Bousley*, 523 U.S. at 622. Also, a petitioner cannot use a § 2255 proceeding to seek review of "sufficiency of evidence." *Epps v. United States*, 728 F. Supp. 1236, 1239 (D. Md. 1990).

Lewis's motion raises, in part, arguments about the ineffective assistance he believes he received from his appellate and standby trial attorneys. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To mount a successful ineffective assistance claim, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### III.   ANALYSIS

Under the legal standards described above, Lewis's challenge to the warrantless stop of his vehicle is precluded by the prior adjudication of that issue during his appeal to the Fourth Circuit. *See Dyess,* 730 F.3d at 360. There are also a large number of issues Lewis raises in this § 2255 motion that could have been, but were not, raised on direct appeal.[2] Those issues include his contention that the Government violated the Speedy Trial Act, his challenge to the constitutionality of the bank robbery statute, his contention that he was improperly informed of the nature of the charges he faced, various assertions of error and misconduct by the trial judge, allegations of perjured testimony, allegations relating to government misconduct including *Brady* and discovery violations, and an argument about constructive amendment of the indictment.[3] Because Lewis did

---

[2] Lewis's petition is not a model of clarity. Given the number of claims alleged and the difficulty in interpreting some of them, this Court has attempted to group them by category in a logical fashion. Ultimately, because only two issues were raised on direct appeal, it is evident that the rest were not.

[3] Due to the filing of a large number of pretrial motions during the pendency of Lewis's case, the docket does not reflect any violation of the Speedy Trial Act despite the total length of time between his indictment and his trial. *See* 18 U.S.C. § 3161(h)(1)(D) (providing for the exclusion of time between the filing of any pretrial motion and its disposition).

not raise those contentions on direct appeal, and he has not shown cause for his failure to do so or proved actual innocence, those grounds for relief are also procedurally barred.

There is no procedural bar as to Lewis's allegations of ineffective assistance counsel. As to his trial, however, Lewis's claims fail because he chose to be self-represented, ECF 70, and there is no right to effective assistance of standby counsel. *See United States v. Singleton*, 107 F.3d 1091, 1101 (4th Cir. 1998) (holding that a *pro se* defendant waives his right to effective assistance of counsel). As to his representation on appeal, Lewis argues his appellate counsel was ineffective for failing to raise the litany of claims he now attempts to assert. In evaluating whether an attorney's performance fell below the "reasonably effective assistance" standard elucidated in *Strickland,* courts are required to be "highly deferential." *Strickland*, 466 U.S. at 689-90. Appellate counsel is presumed to have "decided which issues were most likely to afford relief on appeal." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). Because appellate counsel cannot raise all potentially meritorious claims on appeal (particularly where, as here, the sheer number of claims Lewis apparently wanted to assert is impractical), a court cannot find ineffective assistance unless the "ignored issues are clearly stronger than those presented." *Id.* at 829 (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). That standard is not met here. The two issues raised by appellate counsel, whether the vehicle stop was constitutional and whether the trial court should have provided the jury with a magnifying glass, were colorable claims with the potential to be the basis for a new trial. And after review of Lewis's claims asserted in this petition, those two appear to be the strongest of the lot, suggesting that the presumption of a reasoned assessment by appellate counsel warrants credence. Most of the arguments Lewis wishes to raise simply would not have gleaned him the relief he seeks in light of the other overwhelming evidence of his guilt, which

included his capture after flight in possession of a demand note, robbery proceeds, tracking device, and a disguise, as well as clear video evidence depicting him robbing each bank. Because his ineffective assistance arguments are unavailing, and his remaining substantive claims are precluded, Lewis's § 2255 motion will be denied in its entirety.

### IV. CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Lewis has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of his claims debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.

Dated: March 23, 2023                              /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge